FILED

AUG 05 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEVIN HARMON, | No. 08-56057 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00398-FMC-AGR |
| v. | |
| MARTIN MARSHAL; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Florence-Marie Cooper, District Judge, Presiding

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Devin Harmon appeals pro se from the district court's summary judgment

for defendants in his 42 U.S.C. § 1983 action alleging malicious prosecution. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo. *FTC v. Stefanchik*,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Harmon's
request for oral argument is denied.

559 F.3d 924, 927 (9th Cir. 2009). We affirm.

The district court properly granted summary judgment because Harmon failed to raise a triable issue as to whether defendants lacked probable cause. *See Conrad v. United States*, 447 F.3d 760, 767 (9th Cir. 2006) (to prove malicious prosecution under California law, plaintiff must show an absence of probable cause); *see also Beck v. City of Upland*, 527 F.3d 853, 865 (9th Cir. 2008) (applying absence of probable cause requirement in Fourth Amendment context, following *Hartman v. Moore*, 547 U.S. 250 (2006)) .

The district court properly relied on defendant Marshall's declaration regarding fingerprint evidence to establish probable cause, and contrary to Harmon's contention, the declaration was not subject to the standards for admissibility of expert testimony under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). *See Hart v. Parks*, 450 F.3d 1059, 1067 (9th Cir. 2006) (evidence relied upon to show probable cause need not meet standards for admissibility of testimony in court).

All pending motions are denied.

**AFFIRMED.**